In the United States District Court
Middle District of Florida
Fort Myers Division.

04/24/24

Kendrick Tyron Perry Sr.
Petitioner,

CASE No:
2:24-CV-438-JLB-KCD

V.

Judge:

STATE OF Florida
Margaret Ogilive Steinbeck
Respondents,

Writ for Habeas Corpus
ad subjiciendum

Comes now, Attorney-in-fact for the Kendrick Tyron Perry Sr. Estate by and through his durable power of attorney to submit this unequivocal "Writ for Habeas Corpus Subjiciendum" pursuant to Fla. R. Crim. P. 79.01 Application 3 Writ which states:    Fla. R. Civ. P. 1.630

When any person detained in Custody, whether Charged with a criminal offense or not, applies to the supreme court or any justice thereof, or any district court of appeal or any judge thereof or to any circuit judge for a writ of Habeas Corpus and shows by affidavit or evidence probable cause to believe that he or she is detained without lawful authority, the court, justice, or judge to whom such application is made shall grant the writ forthwith, against the person in whose custody the applicant is detained and returnable immediately before any of the courts, justices, or judges as writ directs.

Undisputed FACTS:

Kendrick Tyron Perry Sr. was arrested on 03/17/2024 (March 17th, 2024) by the Lee County Sheriff's office on two counts of criminal mischief,

Pg 1

Resisting arrest without violence, Battery on a specified personnel, & a writ of bodily attachment from [2022] issued from Hendry County in which they denied extradition.

The Habeas Corpus rule states: "A petition for writ of Habeas Corpus should state that the petitioner is imprisoned or otherwise restrained of liberty, and should show on its face that the prisoner is entitled to discharge see Herring V. State, 132 Fla 658 181 So 892 1938 also Brown V. Wainwright 498 So 2d 679, 11 Fla .L. weekly 2626 [Fla dist Ct App 1st dist 1986,] Deangelo V Strickland 426 So 2d 1264 Fla Dist Ct App 1st Dist 1983.

On 04/04/2024 [April 4th, 2024] according to County Judge Maria-Elena Gonzalez of the 20th judicial Circuit of Lee County; sent correspondence from here Chambers stating that the OFFICE of the State Attorney "Nolle Prosequi" in Cause No. 24-021005-MM which triggered the effect of 3.191(o), which states:

The intent and effect of this rule "shall" not be avoided by the state by entering a "Nolle Prosequi" to a crime charged and by prosecuting a new crime grounded on the same conduct or criminal episode or otherwise by prosecuting new and different charges based on the same conduct or criminal episode, whether or not the pending charge is suspended, continued, or is the subject of entry of a nolle prosequi." See Fla. R Crim. P. 3.191(o), Roberts V. State 599 So 2d 235, 1992 Fla App Lexis 5376 [Fla 4th DCA 1992], Coleman V. Eaton 540 So 2d 915 1989 Fla App Lexis 1591 [Fla 5th DCA 1989,] State V McDonald 538 So 2d 1352 1989 Fla App Lexis 922 [Fla 2nd DCA 1989]

the purpose of this 'Habeas Corpus ad Subjiciendum' is to compel this court of the inquiring into the lawfulness of the restraint of the petitioners 'Corporeal' which is imprisoned or detained in Lee County Corrections Bureau's Custody."

The state has no 'Corpus Delicti' which are substantial & fundamental facts necessary to prove the commission of a crime as 'Jenrette V. Wainwright clearly and unequivocally states:" Habeas petitioner may meet his initial burden of proof by affidavit." See Jenrette V. Wainwright 410 so 2d 575 1982 Fla App Lexis 19280 [Fla 3rd DCA 1982]

## Conclusion

Wherefore the unequivocal undisputed facts expressed & asserted in the aforementioned, this movant seeks to incline this court in the granting of the merits of this writ & issuing a 'mandamus' to prevent the inferior court from causing further injury to the petitioner as "Sneed V Mayo 66 so 2d 865 Fla 1953; Sullivan V state Ex Rel. Maccrory 49 so 2d 794 Fla 1951; Bennington V Thorton 320 so 2d 856 Fla dist ct App 4th Dist 1979; Bagley V. Brierton 362 so 2d 1048 Fla Dist ct App 1st Dist 1978; & Smith V State 176 so 2d 383 Fla Dist CT App 3rd Dist 1965, states "The writ will not issue/be allowed if the petition does not make out a prima facie showing that the applicant is entitled to discharge with respect to the detention attacked."

## Certificate of Service

I hereby affirm, attest, & certify that a true & correct copy of the foregoing has been furnished to: United States District Court Middle District of Florida Fort Myers Division, 2110 First Street, Ft. Myers, FL 33901

and to be dispersed to all lawfully interested parties.

By: _____
Attorney-in-fact
for

Kendrick Tynn Perry Sr.
#281995
2501 Ortiz Ave
Ft. Myers, FL 33905
Core Pod R cell R3

Pg 4